# EXHIBIT A

**EXHIBIT A**

JOSIE DELVIN
BENTON COUNTY CLERK

2022 DEC 15 PM 2:55

FILED

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF BENTON

| | |
|---|---|
| Matthew Allen Sterba, and Keely Sterba, and their marital community,<br><br>Plaintiffs,<br><br>vs.<br><br>Battelle Memorial Institute, dba Pacific Northwest National Laboratory,<br><br>Defendant. | Case No.: 22-2-01969-03<br><br>COMPLAINT |

1. Plaintiff Matthew Allen Sterba is an adult, married, man residing in Benton County, Washington. He is married to Plaintiff Keely Sterba, also residing in Benton County, Washington.

2. Defendant Battelle Memorial Institute (BMI) is a nonprofit corporation doing business in Benton County, Washington, and does business as Pacific Northwest National

*Complaint– p. 1 of 5*

William Edelblute
**Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223

Laboratory.

3. Plaintiff Matthew Sterba has been employed by Defendant since 2005. His last position held was as Information Technology Engineer.

4. In March of 2020, Plaintiff Matthew Sterba, as a result of COVID-19 safety protocols, from the beginning of the COVID-19 pandemic, was directed and/or allowed by Defendant to work remotely, away from the Defendant's campus.

5. Plaintiff was able to perform all of the essential functions of his employment by working remotely.

6. In September of 2021, Defendant mandated that Plaintiff Matthew Sterba submit to vaccination for COVID-19 as a condition of his employment with Defendant. Defendant provided a procedure to request exemption in case of religious beliefs that conflicted with the vaccine requirement, and to request accommodation in the event Defendant recognize an exemption.

7. Plaintiff Matthew Sterba, on or about September 30th, 2021, submitted a request for exemption from the COVID-19 based on his religious beliefs, and provided sufficient information, both in writing and orally to support a bona fide request under Washington State Constitution, Art. I, §11.

8. On or about November 10th, 2021, Defendant denied Plaintiff Matthew Sterba's request for an exemption on the basis that Plaintiff Matthew Sterba had not provided an adequate basis to support a religious belief as a reason to exempt Plaintiff Matthew

*Complaint– p. 2 of 5*

**William Edelblute**
**Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223

Sterba from the vaccine requirement. Defendant did not reach the issue of whether an exemption from the vaccine could be accommodated by allowing Plaintiff to continue working remotely. An internal appeal process was provided and following that process, the Defendant, on or about November 16th, 2021 upheld the decision to not permit an exemption to the vaccine requirement to Plaintiff Matthew Sterba and gave him 72 hours to resign, become vaccinated or be placed on unpaid leave.

9. Had Defendant recognized an exemption from the vaccine requirement for Plaintiff Matthew Sterba, Defendant would have been able to readily accommodate said exemption by continuing to permit Plaintiff to work remotely as he had for the entirety of the pandemic up to that time. No undue hardship for Defendant existed to allow Plaintiff Matthew Sterba to have continued to work remotely.

10. On or about November 19th, 2021, Defendant placed Plaintiff Matthew Sterba on "unpaid leave" because of his refusal to violate his religious beliefs by submitting to a vaccine and because of his refusal to resign and Plaintiff Matthew Sterba has remained in that status to the present time.

11. Defendant's actions violate Plaintiff's rights under Washington State Constitution, Art. I, §11, as protected by RCW 49.60.180 (2), (3), the Washington Law against discrimination, by placing him on unpaid leave and discriminating against him based on his religious beliefs. Defendant discriminated against Plaintiff Matthew Sterba by not recognizing his religious beliefs and by refusing to then even consider accommodating

Complaint– p. 3 of 5

William Edelblute
Attorney at Law PLLC
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223

his religious beliefs in the terms of his employments, such as by allowing him to work remotely.

12. The fact that Plaintiff Matthew Sterba was already in a status of working from home remotely prior to the imposition of a vaccine requirement yet Defendant refused to allow the status quo as an accommodation is evidence of reckless indifference or intentional violation by Defendant of Plaintiff Matthew Sterba's right to be free from discrimination or disparate impact based on his religious beliefs.

13. Plaintiff Matthew Sterba and his wife, Plaintiff Keely Sterba and their marital community have been directly caused damages by the actions of Defendant set forth herein in the form of lost income and employment benefits such as, but not limited to, health insurance benefits.

14. Plaintiff Matthew Sterba has been caused emotional distress by the actions of Defendant alleged herein.

Wherefore, Plaintiff prays for the following relief:

1. Judgment against Defendant for his lost income and benefits in favor of both Plaintiffs and their marital community.

2. Judgment against Defendant for emotional distress, mental anguish, loss of enjoyment of life and other general damages in favor of Plaintiff Matthew Sterba.

3. For his costs and his attorney fees pursuant to 49.60.030, RCW 49.48.030 and RCW Chap. 4.84.

*Complaint– p. 4 of 5*

**William Edelblute**
**Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223

4. For such other relief as allowed by law and equity.

Dated this 21st day of November, 2022

*William Edelblute*
_____

William Edelblute

Attorney for Plaintiff WSBA 13808

*Complaint– p. 5 of 5*

**William Edelblute**
**Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223