Case 4:22-cv-05163-ACE    ECF No. 19    filed 05/25/23    PageID.115    Page 1 of 4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 25, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW ALLEN STERBA, and his marital community with Keely Sterba,<br><br>Plaintiff,<br><br>v.<br><br>BATTELLE MEMORIAL INSTITUE, d.b.a., PACIFIC NORTHWEST NATIONAL LABORATORY,<br><br>Defendant. | No.  4:22-CV-05163-ACE<br><br>ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS<br><br>**ECF No. 16** |

**BEFORE THE COURT** is Defendant's Partial Motion to Dismiss. ECF No. 16.[1]  Plaintiff is represented by William Edelblute; Defendant is represented by Gillian Murphy and Scott Prange.

## BACKGROUND

Plaintiff alleges that while employed by Defendant he was permitted to work remotely due to COVID-19 measures.  In September of 2021, Plaintiff was notified that Defendant would require vaccination of its employees, unless an exemption was granted.  Plaintiff requested an exemption to the vaccination requirement due to his religious beliefs, but Defendant denied Plaintiff's exemption.

---

[1] Defendant has requested oral argument with respect to the instant motion to dismiss (*see* ECF No. 16 & 18, caption); however, the Court finds oral argument is unnecessary for a proper determination to be made herein.

ORDER . . . - 1

Plaintiff alleges he provided sufficient information to qualify for an exemption from the vaccine due to his religious beliefs. Defendant asserts Plaintiff was not entitled to a religious exemption based on the information provided and that Plaintiff did not have sincerely-held religious beliefs that conflicted with the vaccination requirement.

In December 2021, Plaintiff was placed on unpaid leave due to his vaccination status and remains in that status. As a result, Plaintiff contends he and his marital community have sustained lost income and benefits, as well as emotional distress. Defendant denies these claims.

## DISCUSSION

### A. Standard of Review

Motions to dismiss brought under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). It is not necessary for the complaint to contain detailed factual allegations, but it must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

### B. Plaintiff's Free Exercise Claim

Defendant first argues that Plaintiff's claim brought under the Washington State Constitution, Art. I, § 11, fails to state a claim upon which relief can be granted, because the Washington State Constitution only applies to state actors, not private employers like Defendant. ECF No. 16 at 5-7.

ORDER . . . - 2

Plaintiff responds that he "has not brought a distinct claim against Defendant under Washington State's Constitution." ECF No. 17 at 2. Instead, Plaintiff asserts he has pleaded a violation of his right to exercise religious beliefs as protected by RCW Chap. 49.60 (Washington Law Against Discrimination). *Id*. Plaintiff indicates this Washington Law Against Discrimination ("WLAD") claim is the sole claim in this action. ECF No. 17 at 4.

Plaintiff has not challenged Defendant's contention that a state constitutional law claim would have no basis in law and, in fact, has indicated a separate state constitutional law claim was never asserted in this matter.[2] Therefore, even drawing all reasonable inferences in favor of Plaintiff, the Court finds any claim by Plaintiff for relief under the Washington State Constitution shall be dismissed from this action.

**C.    Named Plaintiff Keely Sterba**

Defendant next argues that Plaintiff Keely Sterba's WLAD claim against Defendant, who did not employ her, fails to assert a cognizable legal theory and thus fails to state a claim for which relief may be granted.[3] ECF No. 16 at 7-8. Consequently, Defendant asserts Keely Sterba should be dismissed as a named Plaintiff. *Id*.

///

---

[2] The Court notes, however, that the Complaint expressly contends "Defendant's actions violate Plaintiff's rights under Washington State Constitution, Art. I, §11, as protected by RCW 49.60.180 (2), (3), the Washington Law against discrimination." ECF No. 1-1 at 3 ¶ 11.

[3] The Complaint lists Keely Sterba as a separate Plaintiff: "Matthew Allen Sterba, and Keely Sterba, and their marital community." ECF No. 1-1 (caption). The Complaint additionally requests judgment against Defendant "in favor of both Plaintiffs and their marital community." ECF No. 1-1 at 4 ¶ 1.

ORDER . . . - 3

Plaintiff responds that because the marital community is a proper party when lost income and benefits are requested as relief, the motion to dismiss Plaintiff Keely Sterba as a party should be denied. ECF No. 17 at 15. However, Plaintiff also concedes that the body of the complaint does not support any reading that Plaintiff Keely Sterba avers a distinct violation of her own individual and separate rights. ECF No. 17 at 10, 13.

The WLAD applies only to employees and does not permit an employee's spouse to bring a claim on their behalf. Plaintiff Matthew Allen Sterba was an employee of Defendant; Plaintiff Keely Sterba, the wife of Plaintiff Matthew Allen Sterba, was not an employee of Defendant. Therefore, Plaintiff Keely Sterba does not have a legal basis to bring an individual claim on behalf of herself in this case. The Court thus finds that dismissal of Plaintiff Keely Sterba as a named plaintiff is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Partial Motion to Dismiss, **ECF No. 16**, is **GRANTED**.

2. Any assertion by Plaintiff for relief under the Washington State Constitution is dismissed, and Plaintiff Keely Sterba is dismissed as a named plaintiff.

3. As suggested by Plaintiff, ECF No. 17 at 14, the caption in this matter shall henceforth be correctly notated as "MATTHEW ALLEN STERBA, and his marital community with Keely Sterba."

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel for Plaintiff and Defendant.

DATED May 25, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER . . . - 4